M. J. y S. CABRÉRO, SUCCRS., *S. en C.*, Plaintiff and Appellant, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 8243. Argued April 18, 1941.—Decided April 22, 1941.

*García Méndez & García Méndez,* for appellant; *George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Plaintiff is a limited co-partnership created by deed of July 31, 1920. By another deed of November 20, 1923, the three managing partners were assigned yearly salaries of $4,500, $3,000 and $3,000 respectively, it being stated in said deed that this was done so that the compensation for the work of the managers would not depend on the ups and downs of the business. Later, the salary of $4,500 was reduced to $3,000; all managing partners receiving then the same compensation.

When the partnership filed its income tax returns for the fiscal years 1931–32 and 1932–33, it subtracted from the taxable income the amount of $9,000 paid as partners' salaries. The Treasurer, holding that the taxpayer had no right to such deduction, denied it, and as his decision was affirmed by the Board of Review and Equalization, the plaintiff paid the tax on the deficiency under protest and within the legal term filed this suit to recover the amount so paid, alleging that it had been unlawfully collected.

By a stipulation where the defendant accepted the averments of the complaint, judgment was rendered dismissing the complaint and in accordance with the stipulation no costs were imposed on the plaintiff.

Plaintiff-appellant holds that the interpretation given by the defendant and the lower court to subdivision (*a*), paragraph 1, of Section 32 of Act No. 74 of August 6, 1925 (p. 400), as amended by Act No. 18 of June 3, 1927 (p. 486), is mistaken, because the partner to whom a salary is assigned as compensation for his work, receives it, according to the

appellant, as a "partner in the character of an employee" and not as a partner, and that, accepting defendant's interpretation to be correct, the act so construed would be unconstitutional because it establishes a discrimination against partnerships and in favor of corporations.

The issues thus joined, it seems proper now to copy the legal provision on which the case hinges:

"Section 32.—(a) (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, *including a reasonable allowance for salaries or other compensations to employees* for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation or partnership has not taken or is not taking title, or in which it has equity;" (Italics supplied.)

The transcribed statute, in permitting corporations or partnerships to deduct from taxable income *"a reasonable allowance for salaries or other compensations to employees for personal services actually rendered,"* does not refer to salaries or compensation paid to the partners for their services to the society. This is so because the partner, owing to the very nature of the partnership contract, cannot, at any time, be an employee of the partnership to which he belongs. It is true that the partnership, in the civil law, is a juridical entity different from its partners, but it is no less true that in the partnership, contrary to what happens with the stockholder in a corporation, the partner owes to the partnership his work and diligence, and in consequence when he works for the partnershp he does it in fulfillment of his duty as partner. In the corporation, the stockholder invests his capital in the business and as evidence of his investment he receives shares, but is not bound to work for the corporation, which transacts its business through employees or officers who receive compensation for work which they perform independently from their status as shareholders, if they happen to be such.

Manresa, commenting on Section 1686 of the Spanish Civil Code, which is equivalent to Section 1577 of ours (1930 ed.) and both of which provide that ''every partner shall be liable to the partnership for the losses and damages suffered by it through his fault, and *he can not compensate them with the benefits which he may have given to the partnership by his services*,'' says:

''The liability established in the first one (the author refers to the two provisions contained in the section commented on) by reason of the fault in which a partner may have incurred, is the general rule for all contracts, and the prohibition imposed by the second one of repairing all damages caused with the profits which he may have brought to the partnership with his work, is logical and essentially juridical, *because said profits belong, as a matter of right, to the partnership, not by way of compensation, but by provision of law and special mandate thereof, arising from the very nature of the contract of partnership;* and therefore, those provisions do not erase, nor can they erase, the previous effect of the damages.'' *Comentarios al Código Civil*, Vol. 11, p. 346.

And in the next page the commentator adds:

''By virtue thereof *since the partner owes to the partnership, his work and activity,* and since he also owes it the compensation of the damages that may have been caused by his fault, both could not be set off against each other, because *we are dealing only with debits, and for a set-off to arise it is necessary that a person should become creditor and debtor at the same time, in relation to the person or juridical entity whom the compensation will affect.*''

It is true that in some partnerships there are partners who are not bound to work for it, and who are sometimes members of different partnerships and even devote themselves to private businesses, completely separate from the partnership, but this is so when expressly convened in the partnership contract.

The same principle holds in the common law. To this same point it is stated in 20 R.C.L. 876:

''Duty of Partners to Serve Firm.—Sometimes by the terms of a partnership agreement each one of the partners expressly and di-

rectly stipulates to exert himself during the continuance of the partnership for their mutual interest, profit, and advantage. Yet in the absence of any express agreement to the contrary, *a partner is impliedly bound reasonably to devote himself to the advancement of the copartnership of which he has become a member, and to apply his time and attention to the management of its affairs, to the extent of his ability,* without regard to the services of his copartners; *and it is also his duty to use his knowledge, skill and diligence for the promotion of the common benefit of the concern.*"

And on the following page, it is stated:

"Right to Compensation.—The general rule is that a partner is not entitled to compensation for services in conducting the partnership business beyond his share of the profits unless there is a stipulation to that effect, . . . The reason for this rule lies in the fact that each partner, in taking care of the joint property, is practically taking care of his own interest and is but performing his own duties and obligations growing out of the partnership."

In the well-known treatise by Paul & Mertens "Law of Federal Income Taxation," 1939 Cumulative Supplement, Sec. 1607, Vol. 4, p. 26, the following is said in reference to salaries of partners as nondeductible matter:

"Salaries.—The fact is that partnership salaries are no more than a distribution of anticipated profits. An agreement between partners to pay salaries from profits is nothing more than the determination of a basis for dividing profits. A partner is not an employee of the firm in the same sense as he would be if he were in the service of another person; he cannot be paid a salary by the firm in the sense of compensation for services rendered to an employer."

In the case of *Moscoso Bros. & Co.* v. *Domenech, Treasurer,* 44 P.R.R. 11, this Court, in applying the same legal provision with which we have to do at present, held that the managing partners of a limited co-partnership are not employees of the same and that said partnership has no right to deduct the salaries paid to said partners for services rendered by them as such to the partnership.

The appellant tries to distinguish this case from that of Moscoso simply because there the compensation was agreed

upon by a board meeting held after the creation of the partnership while here the compensation was agreed upon by a public deed where all the partners, managing and limited, appeared. In truth, we do not see how that difference can have any importance.

The constitutional provision relative to "the equal protection of the laws" does not prevent the government from making a reasonable classification of property, persons or corporations, for the purpose of imposing taxes, and when the classification is not arbitrary and rests on a reasonable basis, there is no discrimination because a tax is imposed on one class and another is exempted, or because different tax rates are imposed or exemptions are granted to some and not to others.

The Supreme Court of the United States, in the case of *Lindsley* v. *Natural Carbonic Gas Co.* (1911), 220 U.S. 61, 78, sets out in the following manner the rules to determine whether an act violates the constitutional provision that guarantees the equal protection of the laws:

"The rules by which this contention must be tested, as is shown by repeated decisions of this court, are these: 1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but it essentially arbitrary."

In the case at bar, we have already pointed out the essential difference between the relation of the partner to

the partnership and that of the stockholder to the corporation. The former, by reason of the nature of the partnership contract, owes to it, as Manresa says, his work and activity, the partners being the managers of the business. In the corporation, the stockholder has no such duty, and the corporation is frequently managed by strangers or by stockholders whose financial interest in the business is sometimes so slight that the dividends which accrue to their shares could never repay the work they perform for the corporation. In consequence, there is a reasonable basis to establish a difference, and since it is not whimsical or arbitrary, it cannot be held that the act so interpreted violates the provision as to equal protection of the laws.

The case of *Royster Guano Co.* v. *Virginia*, 253 U.S. 412, cited by appellant, has no bearing on the case at bar. There an act of the State of Virginia was construed, by virtue of which every domestic corporation that did no business within the State was exempted from the payment of income tax. The plaintiff was a domestic corporation that did business in and out of the State, and when it filed its income tax returns, it deducted from the taxable income that obtained from business done outside the State. The deduction was denied. It appealed first to the Corporations Court at Norfolk, without success, and later, with the same result, to the Supreme Court of Appeals of the State of Virginia, and then to the Supreme Court of the United States, which reversed the judgment on the ground that there was no reasonable basis to establish differences between the profits acquired by a corporation that does all its business outside the State and those obtained solely outside of Virginia by domestic corporations that do business in and out of the State. It was held by the majority of the Court that the interpretation given to the act created discrimination in favor of corporations that did all their business outside the State and against those that did business both in and out of Virginia.

542

In a dissenting opinion of Mr. Justice Brandeis, with which Mr. Justice Holmes concurred, it was held that the classification was not arbitrary and that there was a reasonable basis to establish difference between one corporation and the other. The minority opinion made reference to the strong propaganda that some States make to have citizens of the others incorporate their corporations in them, although they do no business in the State where they incorporate, thus collecting incorporation fees and the other taxes paid every year by domestic corporations to the State. The minority said that the legislature, having said purpose in mind, could have established said difference in favor of corporations that did no business within the State, and this being so, there was a reasonable basis for the classification, and in consequence the interpretation given by the State courts, not being whimsical or arbitrary, did not violate the constitutional provision as to equal protection of the laws. It is to be noted that the opinion of the Court, as well as the dissenting opinion, are based on the principles set out in the case of *Lindsley* v. *Natural Carbonic Gas Co., supra.*

The judgment should be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.